[673 NYS2d 437]

In the Matter of PAUL J. WARKOW, an Attorney, Resignor.

Second Department, May 11, 1998

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset, for Grievance Committee for the Tenth Judicial District.

*Louis J. Profera,* Merrick, for resignor.

### OPINION OF THE COURT

Per Curiam.

Paul J. Warkow has submitted an affidavit, dated March 13, 1998, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Warkow was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on March 10, 1982.

Mr. Warkow is aware that he is currently the subject of an investigation by the Grievance Committee for the Tenth Judicial District into allegations of professional misconduct, which would definitely be the subject of charges to be prosecuted in a disciplinary proceeding to be recommended to the Appellate Division. Mr. Warkow concedes that from at least the summer of 1996 to February 1998, he commingled personal funds with clients' escrow funds entrusted to him to be held as attorney, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]). During that period, Mr. Warkow did not complete monthly or periodic reconciliations of escrow bank records. Nor did he maintain required bookkeeping records and ledgers for his attorney escrow account, including the date, source, and description of each deposit, the identity of the clients and persons for whom the funds were being held or were continuing to be held, the amounts of such funds, the names of persons to whom funds were disbursed, and the dates thereof, all in violation of Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]).

In or about March 1997, Mr. Warkow received checks on behalf of clients Carl and Patricia Florenco in the sums of $80,000 and $40,000 in full settlement of a personal injury action pending in Supreme Court, Kings County. Instead of depositing those sums in his escrow account, Mr. Warkow deposited them into a personal bank account and thereafter converted them to his own use.

On June 5, 1997, Mr. Warkow deposited a $32,167.32 insurance company check into his escrow account to be held for the benefit of his client, Belton Dunlop of Jamaica and Atlantic Building Company, for the purpose of making renovations to the former's fire-damaged premises. Mr. Warkow thereafter withdrew sums from the escrow account which were put to his own personal use and purposes. By June 30, 1997, the escrow account balance was only $1,477.30. In July 1997, Mr. Warkow issued a check from that account to Atlantic Building Company in the sum of $32,167.32, with knowledge that it would be dishonored and returned due to insufficient funds.

Mr. Warkow acknowledges that he cannot successfully defend himself on the merits against disciplinary charges which would be initiated against him by the Grievance Committee.

Mr. Warkow avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress by anyone. He has discussed his decision to resign with

his attorney and others whose advice and counsel he respects and is fully aware of its implications, including the fact that he will be barred from seeking reinstatement for at least seven years.

Mr. Warkow is aware that, pursuant to Judiciary Law § 90 (6-a), the Court, in any decision permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for the same. Mr. Warkow is also aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by paragraph (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the proffered resignation conforms with the Court rules, the resignation of Paul J. Warkow as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Paul J. Warkow is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and RITTER, JJ., concur.

Ordered that the resignation of Paul J. Warkow is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Paul J. Warkow is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Paul J. Warkow shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Paul J. Warkow is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.